**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

SEP 10 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BULLPEN DISTRIBUTION, INC. And JOHN BRILL,<br><br>              Plaintiffs - Appellants,<br><br> v.<br><br>SENTINEL INSURANCE COMPANY, LIMITED,<br><br>              Defendant - Appellee. | No. 12-16369<br><br>D.C. No. 4:12-cv-00894-CW<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, Chief District Judge, Presiding

Argued and Submitted March 12, 2014
San Francisco, California

Before: FARRIS and REINHARDT, Circuit Judges, and HUCK, Senior District Judge.**

Bullpen Distribution, Inc. ("Bullpen") appeals the district court's grant of

Sentinel Insurance Co., Ltd.'s ("Sentinel's") motion to dismiss Bullpen's suit for

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*     The Honorable Paul C. Huck, Senior District Judge for the U.S. District Court for Southern Florida, sitting by designation.

breach of insurance contract, bad faith failure to defend, and declaratory relief. California's substantive insurance law governs this diversity case. *Freeman v. Allstate Life Ins. Co.*, 253 F.3d 533, 536 (9th Cir. 2001). We review the district court's order de novo, *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010), and we affirm.

1.      The business liability insurance that Bullpen purchased from Sentinel provided that Sentinel would defend Bullpen against any suit seeking damages for "personal and advertising injury." The policy defined "personal and advertising injury" as injury arising out of "[o]ral, written or electronic publication of material that . . . disparages a person's or organization's goods, products or services." Bullpen was sued by A.Y. International, Inc. ("AYI") for a number of causes of action including intentional interference with prospective economic advantage, untrue and misleading advertising, and unfair competition. In its complaint, AYI alleged, among other things, that Bullpen's website "made false and misleading statements by which [Bullpen] sought to take credit for AYI's business practices as if they were their own," to "pass off [AYI's] achievements as their own," and to pass off AYI's "business relationships and practices" and "track record . . . of paying customers promptly" as their own.

2

2.　　"An insurer owes a broad duty to defend against claims that create a potential for indemnity under the insurance policy." *Hartford Cas. Ins. Co. v. Swift Distribution, Inc.*, 59 Cal. 4th 277, 287 (2014). "Determination of the duty to defend depends, in the first instance, on a comparison between the allegations of the complaint and the terms of the policy." *Id.* (internal citation omitted). Here, Sentinel's duty to defend Bullpen is triggered if AYI's suit creates potential liability for disparagement.

3.　　Under California law, disparagement means "a knowingly false or misleading publication that derogates another's property or business and results in special damages." *Id.* at 291. "A false or misleading statement (1) must specifically refer to plaintiff's product or business, and (2) must clearly derogate that product or business. Each requirement must be satisfied by express mention or by clear implication." *Id.* The specific reference requirement may be satisfied by implication "where the suit alleges that the insured's false or misleading statement *necessarily* refers to and derogates a competitor's product." *Id.* at 294 (emphasis added). "What distinguishes a claim of disparagement is that an injurious falsehood has been directed *specifically* at the plaintiff's business or product, derogating that business or product and thereby causing that plaintiff special damages." *Id.*

3

4.      Here, Bullpen alleges that AYI's complaint constitutes a claim for disparagement by implication.  However, there is no specific reference to AYI in Bullpen's public statements, nor is AYI "necessarily" referred to or made the subject of derogation.  Whereas in  *E.piphany, Inc. v. St. Paul Fire & Marine Ins. Co,* 590 F.Supp. 2d 1244, 1253 (N.D. Cal 2008), an advertiser falsely stated that it was the "only" producer of certain types of software, and thus "necessarily suggest[ed] that competitor products did not have such capabilities," here, as alleged by AYI, Bullpen's claims regarding its business achievements and history do not necessarily imply that AYI did not also have those achievements, history, or a capacity similar to Bullpen's, even though some of AYI's employees left and formed Bullpen.  In short, there is no "clear or necessary inference" sufficient to support a claim for disparagement by "reasonable implication."  *Swift Distribution*, 59 Cal. 4th at 295.

5.      To the extent that AYI's claim might be viewed as asserting that Bullpen attempted to pass off AYI's business history and accomplishments as its own—and the complaint is rife with such suggestions—this alone, without statements that Bullpen "directly cast aspersions" on AYI, does not constitute disparagement.  *Id.* at 296 (internal citation omitted).  "There is no coverage for disparagement simply because one party tries to sell another's goods or products as its own."  *Id.*

4

6.     The duty to defend may be triggered where "the precise causes of action pled by the third party complaint may fall outside policy coverage" but "under the facts alleged, reasonably inferable, or otherwise known, the complaint could fairly be amended to state a covered liability." *Id.* at 287 (internal citation omitted). Bullpen, however, makes no assertion that the complaint could be so amended. Thus, because Bullpen has not shown that AYI's complaint alleges disparagement on its face or by reasonable implication, and has not alleged that the complaint could be amended to do so, Bullpen has failed to demonstrate a potential for coverage under the policy. Sentinel therefore had no duty to defend, and Bullpen's complaint was properly dismissed.

**AFFIRMED**